## DEFECT AS TO PARTY DEFENDANT IN REVIEWING COURT.

Circuit Court of Lucas County.

·SAMUEL S. RICARD V. GEORGE F. PORTER.

Decided, January 23, 1909.

*Proceedings in Error—Essentially a New Action in the Court of Review—Name of Real Defendant Omitted—Court Without Jurisdiction to Cure the Defect.*

Failure to name as the defendant in error the executor of the deceased defendant below can not be cured by amendment of the petition in error after time has run for the beginning of proceedings in error.

·*William A. Gill,* for plaintiff in error.·
*Potter & Potter,* contra.

WILDMAN, J.; PARKER, J., and KINKADE, J., concur.

Motion to dismiss petition in error.

This case in the court below was begun by Samuel S. Ricard against George Porter, but, Porter having died pending the suit, it was revived as against his executor, Henry E. Fletcher. Instead of bringing the proceeding in error in this court against the executor as defendant in error—the judgment having been in his favor in the court below upon his substitution for the original party who had died—a proceeding was instituted in this court bearing the same title that the case had borne in its inception in the court of common pleas, to-wit, Samuel S. Ricard

against George F. Porter. Counsel seem, by some inadvertance, to have overlooked the fact that a proceeding in error is essentially a new case, requiring a petition and service of summons, or waiver thereof by the defendant; that it is not like an appeal case which goes into the appellate court bearing the same title that it had in the court below, and without the necessity of service of process of any kind upon the defendant.

The case, in some of its features, is very similar to one which we had in the Circuit Court of Huron County, where a proceeding in error was presented to us against a party who had died after the rendition of a judgment in the court below. The action to reverse was brought in the circuit court with the same title that the case below had, and the attorney who waived the issue or service of summons in error was not the attorney for the legal representative of the deceased. In the present case, the attorney who waived summons was in fact an attorney for the executor. We think, however, that the cases are not essentially different in principle. The waiver of service is of no more importance or effect than a service of summons on the attorney would have been, It is but a waiver of service, or waiver of issue *and* service, and the question is substantially as if a man who had been attorney in the court below for the executor were served with summons in a proceeding in which the executor was not named as a party. To cure this trouble, plaintiff in error asks leave to amend his petition by adding or substituting the name of the executor for the name of the decedent.

We have not before us the question as to what the court might do if the statute of limitations as to petitions in error had not run against the beginning of such a proceeding. The statutory time having elapsed since the judgment of the common pleas court. We have examined the authorities—which are somewhat meager—bearing upon the question, to determine whether we have jurisdiction upon which we can base any authority to permit the amendment of the petition—which we should be glad to do if we had the power to do it—but we are confronted with the case of *Kennard* v. *Kennard,* 35 O. S., 660, where a

situation arose not precisely the same, but so near it as to throw great light upon our duty. The syllabus is as follows:

"Proceedings in error can not be instituted in the name of a deceased party; if the heirs or legal representatives of such party seek to institute such proceedings, they must do so in their own names."

The petition in error in that case—a case which went up from Butler county to the Supreme Court—was filed on the 22d day of September, 1879, to reverse a judgment rendered by the district court of Butler county, April 21st, 1877, in favor of George F. Kennard against George G. Kennard. At the time of the filing of the petition in error the nominal plaintiff in error was deceased he having died on the 8th of April, 1878. It will be noticed that he died before the rendition of the judgment in the court below— he died on the 8th of April and the judgment was not rendered until the 21st. Mary Ann Bartlow and others, his heirs at law, now moved the court to revive the proceedings in error in their names. The decision is *per curiam*. It is very short and I will read it:

"George G. Kennard, the alleged plaintiff in error, having died before the filing of the petition in error, the attempt to institute a proceeding in his name was ineffectual. To constitute a proceeding in error, there must be a plaintiff in error. If there is no plaintiff in error, the court acquires no jurisdiction of the cause. If the heirs or legal representatives of a deceased party seek to institute proceedings in error, they must do so in their own names and not in the name of the deceased. Motion overruled and cause stricken from the docket."

This was a case where the nominal plaintiff in error was the person deceased. In the case before us it is the nominal defendant in error, but the language of the Supreme Court and the reason for it manifestly are as pertinent to the one case as to the other. It is as essential that there should be a *defendant* as that there should be a *plaintiff*, and if there is no defendant in error, then upon parity of reasoning, the court has no jurisdiction of the case. The court there refused the application of the legal

representatives to reverse the proceeding in error in their names, and that is substantially the same as the attempt which is made here to amend the pleading by substituting the name of the executor for that of the decedent.  We see no escape from this case, and indeed, before discovering it, we felt strongly impelled by our own reasoning to arrive at the same conclusion.

The case of *Kennard* v. *Kennard,* which I have just read, was approved, without report, in 62 O. S. at p. 633.  The case of *Smetters* v. *Rainey,* 14 O. S., 287, is somewhat in point and it was approved in *Burke* v. *Taylor,* 45 O. S., 444, and should be read in connection with the case to which I have referred.  The case of *Abairs* v. *Merchants National Bank,* 3 Circuit Court Reports, 290, decided by the circuit court of this circuit, the opinion being pronounced by Judge Scribner, is also to some extent in point. I cite it without reading it.

Our judgment is that the motion for leave to amend the petition should be overruled and that the motion filed by the executor for a dismissal of the petition in error should be sustained.